IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SAMUEL HARRIS,**

    Petitioner,

v.                                                        Civil Action No. **3:24CV660**

**TONYA D. CHAPMAN,**

    Respondent.

**MEMORANDUM OPINION**

Samuel Harris, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[1] challenging the terms of his parole and later parole revocation. Respondent moves to dismiss, *inter alia*, on the ground that the § 2254 Petition is barred by the statute of limitations. Respondent and the Court provided Harris notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF Nos. 11, 12.) Harris filed a Memorandum and Motion to Oppose Respondent's Motion to Dismiss, (ECF No. 13), which is not a motion, but his Response to the Motion to Dismiss. Because the § 2254 Petition is untimely, the Motion to Dismiss, (ECF No. 9), will be GRANTED.[2]

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in the quotations from Harris's submissions.

[2] The Court notes that attached to the Motion to Dismiss is an Affidavit of Donna M. Shiflett. (ECF No. 10-1.) The Court generally may not rely on evidence in reviewing a motion to dismiss without converting the motion into one for summary judgment after notice to the parties. Nevertheless, here, the Court did not rely on any information in the Affidavit. Instead, the Court reviewed only state court records in reaching the conclusion that Harris's § 2254 Petition is untimely.

## I. PROCEDURAL HISTORY AND CLAIMS

### A. Original Convictions and Parole

Harris is an inmate confined in the Virginia Department of Corrections ("VDOC") who committed various larcenies and burglaries and was sentenced for these crimes between 1984 and 1990. (ECF No. 1, at 1–2; ECF No. 10-1, at 7–22.) Harris was sentenced to a total of 42 years and 30 days. (ECF No. 1, at 1.) On April 15, 2014, Harris was released on mandatory parole supervision. (*See* ECF No. 1-3, at 1.) At that time, Harris was required to sign a parole supervision agreement indicating that Harris would have three years of parole supervision. (ECF No. 1, at 6, 8; *see* ECF No. 1-4, at 1–2.) The agreement also informed Harris that if his parole was revoked, he could be ordered to serve any remaining time left on his sentence at the time of his release on parole, and he could be ordered to serve any good time credit he had been previously awarded. (ECF No. 1-4, at 2; *see* ECF No. 1-6, at 2.)

### B. New Conviction and Parole Revocation

On May 26, 2017, Harris was convicted of one count of statutory burglary and was sentenced to twenty years of incarceration with sixteen years suspended. (ECF No. 10-1, at 28–30.) Due to the new statutory burglary conviction, on August 18, 2017, the Virginia Parole Board revoked Harris's parole and imposed the nineteen years and thirty days of good time credit that Harris had accumulated before his release on parole. (*Id.* at 31; *see* ECF No. 1-6, at 2.)

### C. Harris's Postconviction Filings

Many years later, Harris filed two petitions for a writ of mandamus in the Supreme Court of Virginia. Harris filed his first petition for a writ of mandamus on July 26, 2021. (ECF No. 1-1, at 1.) Harris sought a "a writ of mandamus directed to Tonya Chapman, of the Virginia Parole Board, to provide him with 'all documents [and] contracts' which petitioner has signed and a list

of the requirements for and conditions of mandatory parole supervision." (*Id.*) The Supreme Court of Virginia dismissed the petition on May 17, 2022. (*Id.*) Harris filed his second petition for a writ of mandamus on October 4, 2023. (ECF No. 1-5, at 1.) In that petition, Harris claimed "the VDOC inappropriately revoked [the good conduct allowance credits] he had earned prior to his release in 2014 and extended his discharge date," and Harris wanted the Supreme Court of Virginia to order the respondent to produce certain documents. (*Id.* at 2.) The Supreme Court of Virginia dismissed the petition on August 21, 2024. (*Id.*)

Harris initially filed a 28 U.S.C. § 2254 petition in this Court in 2022 raising similar claims to those raised in his current § 2254 Petition. *See Harris v. Chapman*, No. 3:22CV684, 2023 WL 5110935, at *1–2 (E.D. Va. Aug. 9, 2023). The Court dismissed the § 2254 petition because Harris had not exhausted his available state court remedies before filing in federal court. (*Id.* at *2.)

On September 11, 2023, Harris filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising what appears to be the same claims as in his § 2254 Petition. (*See* ECF No. 1-6, at 2–3.) The Supreme Court of Virginia dismissed the petition as untimely pursuant to Va. Code. Ann. § 8.01-654(A)(2). (*Id.* at 3–4.)

Harris filed his current § 2254 Petition on September 11, 2024. (ECF No. 1, at 16.)[3] In his § 2254 Petition, Harris raises the following grounds for relief:

| | |
|---|---|
| Claim One: | "Denial of equal protection and liberty interest . . . [Harris] was treated differently than everybody else who was sentenced before 1994 abolishment of parole . . . by stripping [him] of his constitutional rights to earn good time credit under GCA system . . . ." (ECF No. 1, at 4.) |
| Claim Two: | "U.C.C. Contract. . . . On 4/15/2014, . . . Harris was released on mandatory parole by the Virginia Department of Corrections. . . . [H]is parole officer, Ms. Walton and Karen Powell informed him that he would need to sign a three-year contract [] and if he refuses to sign the contract, he would be placed in confinement for six months. Thereinafter, he signed the contract |

---

[3] This is the date that Harris placed his § 2254 Petition in the prison mailing system. The Court deems the § 2254 Petition filed as of this date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

under duress per minas. However, the contract was void ab initio . . . ." (*Id.* at 6.)

Claim Three:   "Due process . . . . On 4/15/2014, . . . Harris . . . was released on mandatory parole. . . . The defendant(s) violated his due process right when he was forced and threaten[ed] with imprisonment to sign a three-year contract. [Harris] only had six months remaining on his sentence" and this was contrary to Va. Code § 53.1-134. (*Id.* at 8.)

Claim Four:   "On 4/15/2014, the Virginia Parole Board lack[ed] jurisdiction and power to lengthen [his] sentence." (*Id.* at 10.)

## II. ANALYSIS

### A.   **Statute of Limitations**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Commencement and Running of the Statute of Limitations**

Under § 2244(d)(1)(D), the factual predicate of Harris's claims was clearly known to Harris on April 15, 2014, the day that he was released on parole and was required to sign the three-year supervision agreement. Harris had one year, or until Wednesday April 15, 2015, to file a petition pursuant to 28 U.S.C. § 2254. Harris failed to file his § 2254 Petition until September 11, 2024, more than nine years beyond the limitation period.[4]

**C. No Entitlement to Statutory Tolling**

Harris filed his state petition for writ of habeas corpus in the Supreme Court of Virginia on September 11, 2023, more than eight years after the federal limitation period had already expired. Harris lacks any entitlement to statutory tolling for this filing. *Deville v. Johnson*, No. 1:09CV72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).[5]

---

[4] Claim One is so vague it is unclear what Harris is arguing. Respondent notes that Harris may be attempting to challenge the revocation of his parole in this claim and resulting sentence. The factual predicate of any claim related to the revocation of his parole and sentence was clearly known to Harris on the day his parole was revoked, on August 18, 2017. Harris would have had until Monday, August 20, 2018, to file a § 2254 petition raising that claim. Harris failed to file his § 2254 Petition until September 11, 2024, more than six years later, and that claim is untimely.

[5] Harris's previously filed § 2254 petition does not toll the limitation period. *See* 28 U.S.C. § 2244(d)(2) (tolling limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review... is pending"); *Crawley v. Catoe*, 257 F.3d 395, 400–01 (4th Cir. 2001) (denying tolling pursuant to 28 U.S.C. § 2244(d)(2) because a federal habeas petition is not an application for state collateral review).

Harris contends that he filed two petitions for mandamus in the Supreme Court of Virginia and "that the limitations was tolled during the pendency of [his] state mandamus petition[s]," making his "federal habeas corpus .. timely." (ECF No. 13, at 6.) Harris is incorrect. The Court recognizes that a properly filed petition for writ of mandamus in the state court may toll the limitation period. *See Harris v. Dir., Va. Dep't of Corr.*, 282 F. App'x 239, 242 (4th Cir. 2008) (holding a properly filed mandamus petition that raised habeas claims was entitled to tolling of the federal limitations period); *cf. Wall v. Kholi*, 562 U.S. 545, 2547–48 (2011) (finding a motion to reduce sentence under state law tolls the federal limitation period). Harris, however, is not entitled to tolling for these mandamus petitions.

As discussed previously, the federal statute of limitations expired on April 15, 2015. Harris filed these mandamus petitions on July 26, 2021, and October 4, 2023, respectively. (*See* ECF No. 1-1, at 1; ECF No. 1-5, at 1.) Thus, the limitations period had already long expired, and once again, Harris lacks entitlement to statutory tolling for these filings. *Deville*, 2010 WL 148148, at *2.

Consequently, the one-year statute of limitations bars Harris's § 2254 Petition unless he can demonstrate entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B)–(C) or that some equitable exception allows him to avoid the statute of limitations. Harris advances no argument that would explain why his § 2254 Petition should be deemed timely. Accordingly, the § 2254 Petition is DISMISSED as untimely filed.[6]

---

[6] Even if Harris's § 2254 Petition was not barred by the statute of limitations, his claims would be procedurally defaulted and barred from review here. The procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). The Supreme Court of Virginia dismissed Harris's habeas petition as untimely filed under section 8.01–654(A)(2) of the Virginia Code. Virginia's statute of limitations

### III. CONCLUSION

Accordingly, the Motion to Dismiss, (ECF No. 9), will be GRANTED. The § 2254 Petition and the action will be DISMISSED as untimely. The Memorandum and Motion to Oppose Respondent's Motion to Dismiss, (ECF No. 13), will be DENIED as moot. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 1 May 2025
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

for habeas actions is an adequate and independent procedural rule when so applied. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). Accordingly, Harris's claims are also defaulted and barred from review here because Harris makes no showing of cause for his default and prejudice or that a fundamental miscarriage of justice has occurred. *See Harris v. Reed*, 489 U.S. 255, 2626 (1989).