IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SAMUEL HARRIS,**

    Petitioner,

v.                                                                         Civil Action No. **3:24CV660**

**TONYA D. CHAPMAN,**

    Respondent.

## MEMORANDUM OPINION

Samuel Harris, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging the terms of his parole and later parole revocation. By Memorandum Opinion and Order entered on May 1, 2025, the Court dismissed the § 2254 Petition as barred by the statute of limitations. (ECF Nos. 14, 15.) On May 20, 2025, the Court received a "MOTION FOR RELIEF FROM A JUDGMENT OR ORDER" from Harris pursuant to Fed. R. Civ. P. Rule 60(a). (ECF No. 17.) The Court construes this motion as a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion."). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Harris does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. The Court, however, construes Harris to argue that the Court should grant his Rule 59(e) Motion to correct a clear error of law or prevent manifest injustice.

Harris first contends that he erred when he filed a Memorandum and Motion to Oppose the Respondent's Motion to Dismiss, instead of a submission titled a "response" to the Motion to Dismiss. (ECF No. 17, at 1–2.) The Court construed Harris's Memorandum and Motion to Oppose the Respondent's Motion to Dismiss as a response to the Motion to Dismiss because, despite the submission's title, it was in fact addressing and responding to Respondent's arguments. As Harris admits, he received notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), (*see* ECF Nos. 11, 12), which very clearly advised him of his right to file a "response opposing the motion." (*See* ECF No, 17-1, at 1.) Harris availed himself of the ability to file a response despite the title he gave it. Thus, Harris fails to identify a clear error of law in the Court's conclusions or that the Court should vacate the judgment to prevent manifest injustice.

Second, Harris seemingly contests the Respondent's compliance with Rule 5(d) of the Rules Governing Section 2254 Cases. In the Rule 5 Answer, counsel for Respondent indicated that she had facilitated the Supreme Court of Virginia's mailing of the record for Harris's state habeas petition to the Court and it was received by the Court on November 13, 2024. (ECF No. 8, at 5.) Counsel noted that she had requested, but had not personally received, a digital copy of the habeas record, and could not attach it to the Rule 5 Answer at that time. (*Id.*) Harris clearly had a copy of at least a portion of these records as he attached two of the Supreme Court of Virginia's

2

orders to his § 2254 Petition. (ECF No. 1-6.) Nevertheless, the Clerk is DIRECTED to make a copy of the records from the Supreme Court of Virginia case number 230650 and send it to Harris.

Even if Respondent did not attach these records to the Rule 5 Answer, these records had no bearing on the conclusion that Harris's § 2254 Petition was untimely filed in federal court. Harris's state habeas petition was filed eight years after the federal statute of limitations had already run and therefore had no bearing on the limitations period. (*See* ECF No. 14, at 5.) While it may have been error under Rule 5 to not attach these records, *see Sanford v. Clarke*, 52 F.4th 582, 586–87 (4th Cir. 2022), Harris has not demonstrated a clear error of law in the Court's conclusion that his § 2254 Petition was untimely or that the Court should vacate the judgment to prevent manifest injustice.

Because Harris fails to identify any clear error of law in the Court's conclusions or any other ground for relief under Rule 59(e), his Rule 59(e) Motion, (ECF No. 17), will be DENIED.[1]

An appropriate Order shall issue.

Date: 7/14/25
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[1] Harris also seemingly indicates that he did not receive a copy of the May 1, 2025 Memorandum Opinion. The Clerk is DIRECTED to send Harris another copy of the Memorandum Opinion, Order, and Judgment.

3